# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD WILSON,                          :

    Plaintiff,                       :         Case No.  3:05CV253

vs.                                      :         District Judge Walter Herbert Rice
                                                       Magistrate Judge Sharon L. Ovington

THE PRUDENTIAL INSURANCE             :
COMPANY OF AMERICA, et al.,
                                         :
    Defendants.
                                         :

## REPORT AND RECOMMENDATIONS[1]

## I.   INTRODUCTION

Plaintiff Richard Wilson, a resident of Centerville, Ohio brings this case *pro se* against the Prudential Insurance Company of America and numerous individuals.  Wilson has been granted leave to proceed *in forma pauperis* ("IFP") in this case under 28 U.S.C. §1915.

This case is presently before the Court for a *sua sponte* review to determine whether Wilson's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2).

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

II.     **FACTUAL BACKGROUND**

Wilson's son died during military service in 2004. Wilson alleges that his son designated him (Wilson) as the primary beneficiary on a life insurance policy. Wilson explains that fraud has occurred during a lawsuit in the State of Washington concerning distribution of the proceeds from the life insurance policy. Wilson has been "recently informed that a party to this lawsuit out in Washington state has been threatened, that if they did not participate in ... what appears to be [a] fraudulent claim, then something would happen to her son." (Doc. #2 at 5).

Documents attached to Wilson's Complaint indicate that a case was filed in 2004 in the United States District Court for the Western District of Washington at Seattle. Wilson attaches to his Complaint a "Stipulation Re Disbursal Of Proceeds" from the federal case in Washington, which disbursed "$50,000.00 to the bankruptcy estate of Richard M. Wilson." (Doc. #2, Exh. A). The stipulation is signed by "Paul H. Spaeth, Trustee, the Bankruptcy Estate of Richard M. Wilson, on behalf of itself and Richard M. Wilson." *Id*. Wilson also attaches to his Complaint an "Order Re Disbursal Of Proceeds" from the federal case in Washington. This Order effects the $50,000.00 to Wilson's bankruptcy estate, although it is not signed by the District Judge. *Id*.

Records from the United States District Court for the Western District of Washington reveal the existence of a closed case, *Val Unverzagt, et al. v. Prudential Insurance Company of America,* Case No. 2:04cv01993, in which Richard M. Wilson is listed as a third-party defendant. The case was recently closed, in July 2005, when the District Judge signed an Order Re Disbursal Of Proceeds. *Id*. at docket no. 39. This is the same Order, but for the District Judge's endorsement, attached to Wilson's Complaint in the instant case.

Records from the United States Bankruptcy Court for the Southern District of Ohio

reveal the existence of a presently pending case brought by debtor Richard M. Wilson, in which Paul Spaeth has been appointed Trustee, *In re Richard M. Wilson*, Case No.3:04bk38066.  In March 2005, the bankruptcy Trustee filed a Motion Seeking Approval of Settlement and Compromise Of Claim Relating To Life Insurance Proceeds And Seeking Order Treating Settlement As Release Of Any Claim By Debtor And Estate Combined With Notice And Opportunity To Object.  *Id*. at docket no. 38.  The Bankruptcy Court granted this Motion.  *Id*. at docket no. 39.  Wilson thereafter objected to this Order by filing a Motion to Set Aside Previous Orders Or To Appeal This Matter To A Higher Court [and] Motion to Transfer From Chapter 7 Filing To Chapter 13 Filing.  *Id*. at docket no. 41.  Wilson's Motion clarifies some of the background of his Complaint in the instant case, notably that Wilson's status as the primary beneficiary in his son's life insurance policy entitles Wilson to a payment of $175,000.  *Id*. at 1.  According to Wilson, "the former Step Father of the debtors step son, filed a law suit against the beneficiary payment together with other persons not known by the debtor in the state of Washington."  *Id*. at 1.  Wilson characterizes the federal case in Washington as a "bogus lawsuit" that is "somewhat Fraudulent, no one has ever challenged my late step son's apparent last will, the handwriting appears different, also one of the claimants who accused me of Murder, who said that they did not want to have anything to do with the money, is apparently now saying that they were threatened into making this claim, for fear of losing their son."  *Id*. at 3.  Wilson also alleges that bankruptcy Trustee Spaeth did not act in Wilson's best interest in the federal case in Washington and in Wilson's bankruptcy case in this District.  *Id*. at 2-4.

      Turning to Wilson's Complaint in the instant case, he asserts that his beneficiary interest is protected by an Act of Congress and by a Supreme Court decision, and he attaches to his

3

Complaint a copy of *Ridgway v. Ridgway*, 454 U.S. 46 (1981). (Doc. #2 at Exh. C). Wilson seeks an immediate stay on all payments from the life insurance policy at issue "until this matter has ben fully investigated by the appropriate authorities." (Doc. #2 at 6).

**III.    DISCUSSION**

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an IFP Complaint if they are satisfied that the action is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2).

Viewing the Complaint through lens of §1915(e)(2), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

Upon *sua sponte* review of Wilson's *pro se* Complaint and attached documents, it appears that he raises two challenges: one challenging the Order Re Disbursal by the District Court in the federal case in Washington; the other challenging the acts or omissions by the

Bankruptcy Trustee in his Chapter 7 case. Neither challenge, however, provides this Court with a jurisdictional basis over Wilson's Complaint. Wilson's challenge to the Order by the District Court in the federal case in Washington must be raised in that Court by a Motion under Fed. R. Civ. P. 60(b) or in the United States Court of Appeals for the Ninth Circuit, *see* 28 U.S.C. §41; *see also SE Technologies, Inc. v. Summit Electric Supply, Inc*., ___ F.Supp.2d ___, ___, 2005 WL 2553743 at *1 (D. Conn., Oct. 5, 2005)(stating parenthetically "party that unsuccessfully sought relief from judgment from district court that rendered judgment then failed to appeal could not obtain relief by independent action in another district court." (citing *Winfield Associates, Inc. v. Stonecipher*, 429 F.2d 1087)). Wilson's challenge to the Bankruptcy Trustee's actions or omissions is premature since it concerns issues presently pending in an ongoing bankruptcy case. Consequently, Wilson may not presently seek a review in this Court of the Trustee's conduct, although Wilson may eventually appeal the bankruptcy court's final Orders in this District Court, *see* 28 U.S.C. §158(a).

      Wilson's reliance on *Ridgway v. Ridgway*, 454 U.S. 46 (1981) and the congressional legislation at issue in *Ridgway* do not assist him in avoiding the above problems with his Complaint. The Supreme Court held in *Ridgway* that an insured's beneficiary designation under a insurance policy issued pursuant to the Servicemen's Group Life Insurance Act of 1965 ("SGLIA") prevails over a constructive trust imposed under Maine law by a state court. 454 U.S. at 59-60. The most helpful aspect to Wilson of *Ridgway* is the Supreme Court's recognition that federal law specifically requires proceeds under SGLIA policies to go to the designated beneficiary. 454 U.S. at 59-60; *see United States v. Sanders*, 314 F.3d 236, 239 (6th Cir. 2002)(recognizing this holding in *Ridgway*). *Ridgway* thus seems to support the merits of

5

Wilson's claim. This, however, does not assist Wilson in the present case because to grant him the relief he seeks would require this Court to stay an Order of the federal District Court in Washington, which resolved a dispute over the life insurance policy at issue. Having not obtained all the benefits he sought in the District Court in Washington, and with related issues currently pending in the Bankruptcy Court, Wilson may not again seek to obtain more benefits at this time in this Court. *See SE Technologies, Inc*., ___ F.Supp.2d at ___, 2005 WL 2553743 at *1.

Accordingly, Wilson's Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B) as frivolous or malicious or because it fails to state a claim.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Richard Wilson's Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and

3. The case be terminated on the docket of this Court

October 17, 2005

                                                 s/ Sharon L. Ovington
                                                    Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).